```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/7/11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

MALIK EDWARDS,

                Plaintiff,

  -against-

DR. JOHN DOE; DEPT. BAILEY,

                Defendants.

-----------------------------------------------------------X

ORDER OF DISMISSAL

11 Civ. 7015 (LAP)

LORETTA A. PRESKA, Chief United States District Judge:

Plaintiff, currently incarcerated at Great Meadow Correctional Facility, brings this *pro se* action, under 42 U.S.C. § 1983, alleging that Defendants violated his rights. The Court grants Plaintiff's request to proceed *in forma pauperis* but dismisses the Complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). While the law authorizes dismissal on any of these grounds, district courts "remain obligated to construe a *pro se* complaint liberally." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Thus, *pro se* complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (citations omitted).

## BACKGROUND

Plaintiff alleges that on October 14, 2010, he came out of recreation with a slightly injured leg that became swollen. After reporting the injury, he was sent to sick call but was not

given any medications for his injuries. Plaintiff claims that he was given a walking stick to move around and directed to run hot water on the knee to ease the pain and swelling. He alleges that it was difficult to move and he almost fell going down the stairs to return to his cell. Plaintiff went to take a shower and noticed that there was no floor mat and a lot of water on the floor outside the shower. He informed the block correction officer who said he would take care of the matter but when he stepped out of the shower, he slipped and fell because of the water on the floor causing further injury to his knee as well as his neck, back and elbows. Plaintiff seeks monetary damages.

## DISCUSSION

A.   <u>Inadequate Medical Care</u>

Plaintiff brings this action apparently seeking to assert inadequate medical care against the doctor who did not prescribed any medication for his injuries. The Supreme Court has held that the "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." <u>Estelle v. Gamble</u>, 429 U.S. 97, 104-06 (1976); <u>Hathaway v. Coughlin</u>, 37 F.3d 63, 66 (2d Cir. 1994). Under this standard, a plaintiff must establish that: (1) he had a serious medical condition and (2) it was met with deliberate indifference. <u>Caiozzo v. Koreman</u>, 581 F.3d 63, 72 (2d Cir. 2009). "Deliberate indifference" must be evidenced by proof that a defendant intentionally denied, delayed access to or interfered with prescribed treatment. <u>Estelle</u>, 429 U.S. at 104-06; <u>Hathaway</u>, 37 F.2d at 66-68.

A challenge to a decision based on medical judgment or the inadvertent failure to provide adequate care does not implicate the Eighth Amendment's cruel and unusual punishment clause. See <u>Estelle</u>, 429 U.S. at 105-106; <u>Hill v. Curcione</u>, 657 F.3d 116, 122-23 (2d cir. 2011); <u>Chance v. Armstrong</u>, 143 F.3d 698, 703 (2d Cir. 1998). Such allegations constitute, at most, a negligence or medical malpractice claim that may be cognizable in a state court but not in a federal § 1983 action. See <u>Estelle</u>, 429 U.S. at 106; <u>Hill</u>, 657 F.3d at 123; <u>Chance</u>, 143 U.S. at

703. There is no right to the treatment of one's choice, Hill, 657 F.3d at 123, and mere negligence in the treatment of a prisoner's physical condition or claims based on differences of opinion over matters of medical judgment fail to rise to the level of a § 1983 violation, id.; Chance, 143 F.3d at 703.

Plaintiff fails to allege facts suggesting that Defendant Doctor was deliberately indifferent to his medical needs. He does not allege that Defendant Doctor deliberately delayed, denied or interfered with needed medical care. Plaintiff's claim that he was not prescribed medication for his injury was a matter of medical judgment that fails to rise to a constitutional violation. Because Plaintiff fails to allege deliberate indifference to his medical needs, he fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

B.  Slip and Fall

Furthermore, Plaintiff's allegations about the slip and fall cannot sustain a claim under § 1983. A negligent act of an official causing injury to life, liberty or property does not violate the United States Constitution. Absent sufficient factual allegations of intentional or reckless conduct of a state official, a claim of negligence is not cognizable under § 1983. Daniels v. Williams, 474 U.S. 327 (1986); Davidson v. Cannon, 474 U.S. 344 (1986). To support a constitutional claim, a plaintiff must allege facts that plausibly give rise to a claim that a prison official showed deliberate indifference when failing to protect a prisoner from injury. Morales v. New York State Dep't of Corrs., 842 F.2d 27, 30 (2d Cir. 1988). While this does not require a showing that the official intended to cause harm, the official must have acted with a "state of mind that is the equivalent of criminal recklessness." Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003) (citation omitted).

Plaintiff's allegations regarding the water on the floor that led to his fall fail to show that any individual acted with the requisite intent to sustain the Complaint. In fact, this case appears to be what Justice Blackmun referred to in Davidson as a "commonplace slip and fall," 474 U.S. at 351, which may be actionable as a tort in state court but does not rise to the level of a

3

constitutional deprivation. Thus, to the extent Plaintiff seeks damages for the correction officer's alleged negligence with regard to his fall in the shower area, that claim must also be dismissed as such allegations fail to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket. Plaintiff's Complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

                                                                 *Loretta A. Preska*
                                                               LORETTA A. PRESKA
                                                              Chief United States District Judge

Dated: DEC 0 7 2011
       New York, New York